# K&L GATES

November 26, 2025

**By ECF**

John C Blessington
john.blessington@klgates.com

T +1 617 261 3108
F +1 617 261 3175

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation, 18-md-2865 (LAK)

Dear Judge Kaplan:

I write on behalf of Defendants and Third-Party Plaintiffs The Goldstein Law Group PC 401(K) Profit Sharing Plan, Sheldon Goldstein, Scott Goldstein, Acer Investment Group, LLC ("Acer," and, collectively, the "Goldstein Defendants"), Del Mar Asset Management Saving & Retirement Plan, Federated Logistics LLC 401K, David Freelove (the "Freelove Defendants"), Sterling Alpha LLC 401K Profit Sharing Plan, and John Doscas (the "Doscas Defendants," and collectively with the Goldstein and Freelove Defendants, "Defendants"), and Third-Party Defendant ED&F Man Capital Markets Ltd. ("ED&F").[1]

As the Court is aware, the parties in the above-captioned matter are scheduled to attend a conference with the Court on December 3, 2025 to discuss, among other issues, a trial schedule. Defendants, ED&F, and SKAT submitted a joint letter with scheduling proposals to the Court on November 24, 2025. In an effort to reach agreement on a joint submission, Defendants and ED&F agreed to exclude from the joint letter any rationale or justification for their position on 1) a bifurcated trial, 2) a twenty-six-day trial schedule, and 3) a June 1, 2026 trial date. I write to provide that information to the Court now, in advance of the December 3 conference. Counsel for Defendants and ED&F will be prepared to discuss these issues in greater detail at the December 3 conference if the Court so wishes.

**Bifurcation is Necessary**

As reflected in the November 24, 2025 Joint Letter, SKAT proposes a single, unitary trial, in which all the evidence as to SKAT's claims and the Third-Party claims is elicited concurrently from the same set of witnesses and decided in one instance of jury deliberation. Such an approach to trial

---

[1] ED&F is now known as MCML Limited.

of SKAT's affirmative claims and the Defendants' third-party claims is unworkable. The Defendants and ED&F propose a trial in two phases, in which the liability of the Goldstein Defendants, the Freelove Defendants, the Doscas Defendants, and Acer would be decided prior to presentation of the Third-Party Plaintiffs' claims against ED&F.

As a threshold matter, a unitary trial risks wasting the Court and jury's time hearing evidence about third-party claims that may be unnecessary if SKAT does not prevail on its affirmative claims. Defendants and ED&F believe that greater fairness and efficiency will be achieved if facts and issues exclusively relevant to the third-party claims are presented to the jury only after and if there is a finding of liability against one or more of the Third-Party Plaintiffs. Should SKAT be unsuccessful in its claims against the Third-Party Plaintiffs, the trial would end at the first phase, substantially expediting the proceedings. Should trial proceed to a second phase, the presence of SKAT and the Doscas Defendants would no longer be necessary,[2] and the focus would then shift to the more than ten unique causes of action asserted against ED&F, ranging from securities fraud to unjust enrichment to promissory estoppel, many of which may require consideration of foreign law or the law of multiple U.S. jurisdictions. A consolidated trial—simultaneously encompassing not only SKAT's claims against the Trial 3 defendants but also the numerous contingent and competing third-party claims brought against ED&F by a subset of those defendants—would create considerable risk of jury confusion.

Further, a unitary trial in which SKAT's affirmative claims and the third-party claims against ED&F are tried simultaneously would be highly prejudicial to the Third-Party Plaintiffs, who would be required to argue *both* that they are not liable to SKAT *and* that if they are liable to SKAT, then ED&F is at fault.

Courts have found bifurcation appropriate under analogous circumstances. *See, e.g., Amato v. City of Saratoga Springs, N.Y.,* 170 F.3d 311, 316 (2d Cir. 1999) (affirming lower court decision to bifurcate trial where second portion could become unnecessary upon a finding of no liability in first, and where admission of evidence applicable to some but not all claims in a consolidated trial would be prejudicial); *Chevron Corp. v. Donziger,* 800 F. Supp. 2d 484, 491 (S.D.N.Y. 2011) (granting motion to bifurcate claim from other claims because, *inter alia*, resolution of that claim would substantially narrow or eliminate the need for the remaining claims).

**SKAT's Proposed Trial Length is Insufficient**

The Defendants and ED&F believe that a unitary trial would be inefficient, confusing to the jury, and prejudicial to Defendants for the reasons set forth above. In the event that the Court disagrees with the Defendants and ED&F as to the necessity of bifurcation, however, the parties also disagree as to length of time that will be needed to try all claims in a unitary trial, as reflected in the parties' competing unitary schedule proposals. SKAT's proposed unitary trial schedule of 21.75 days is not plausible, as it does not sufficiently account for the time required by the parties to put on evidence with respect to both SKAT's claims and the third-party claims. For this reason,

---

[2] Unlike the Goldstein Defendants, Freelove Defendants, and Acer, the Doscas Defendants have not asserted third-party claims against ED&F. SKAT should not be involved in trying the third-party claims.

Defendants and ED&F submitted a competing unitary trial proposal expanding the proposed trial length from 21.75 days to 26 days. Tellingly, the majority of the approximately four-day difference between the trial proposals of SKAT and the Defendants/ED&F comes from SKAT shortening the time in which Defendants and ED&F could put on evidence. For example, SKAT shortens:

- the amount of time it will make its Danish witnesses available,
- the amount of time for Defendants to put on fact witnesses in their defense, and in support of their third-party claims under a unitary trial approach in which witnesses may only be called once, and
- the amount of time in which the parties can make closing arguments, despite that for the Defendants, such closing statements will have to address both SKAT's and the third-party claims.

SKAT's proposal inappropriately restricts Defendants' ability to defend against SKAT's claims and restricts the ability of Defendants and ED&F to prosecute and defend the third-party claims. This restriction is particularly prejudicial in the context of the Group Three Cases, which are the first cases to be tried that involve trades on a platform other than Solo Capital, specifically through ED&F. Furthermore, unlike Trial One, the Defendants here have no connection to each other, other than trading through ED&F. Defendants need adequate time to put on their individual defenses, which include defenses related to trades through ED&F and Solo Capital (so long as the Doscas Defendants' cases remain part of Group Three[3]), and to prosecute their third-party claims. The approximately four extra trial days sought by Defendants and ED&F's proposal will not prejudice SKAT and are necessary under the circumstances.

**An April 13, 2026 Trial Date is Unworkable**

As the Court is aware, the parties were unable to reach agreement as to the date for trial. Defendants and ED&F are mindful of the Court's instruction and preference for a trial during the first or second quarter of 2026, but proposed a June 1, 2026 trial date due to personal conflicts of certain defense counsel and defendants that make it difficult to propose an earlier trial date. Counsel is prepared to provide the Court more detail concerning these personal conflicts at the December 3 conference.

In addition to the scheduling difficulties, a June 1 trial date is also appropriate given the number of pre-trial tasks that the parties and the Court must accomplish prior to trial. As set forth in the proposed schedule in the parties' November 24 Joint Letter, Defendants and ED&F's proposed schedule for a June 1, 2026 trial allows the Court and parties to address motions in an orderly and logical fashion (e.g., briefing on motions for summary judgment to be completed before briefing on *Daubert* motions begin, *Daubert* motions to be briefed before briefing on motions in limine, etc.). By comparison, SKAT's proposed schedule for an April 1, 2026 trial features a number of overlapping events. For example, under SKAT's proposal, the parties will be required

---

[3] The Doscas Defendants conducted four Danish trades, one through ED&F and three through Solo Capital. Mr. Doscas is also a co-defendant in SKAT's complaint against the Sander Gerber Pension Plan, which had three Danish trades through Solo Capital.

3

to file *Daubert* Motions before Oppositions to Motions for Summary Judgment have been filed. Similarly, Motions in Limine will need to be filed before *Daubert* Motion briefing is complete. These overlapping deadlines will unavoidably lead to unnecessary and duplicative work by the Court and all counsel (and accompanying unnecessary expenditure of judicial resources and expense for all parties) as motions will need to be prepared and considered by the Court without resolution of earlier motions, leaving overlapping issues unresolved.  As such, the Court should set trial for June 1, 2026, or, alternatively, set a trial date later than April 13, 2026 to allow the Parties to proceed through necessary pre-trial events in a logical fashion.

We look forward to discussing these issues at the December 3 conference.  Thank you.

Respectfully submitted,

*/s/ John C. Blessington*
John C Blessington

*Counsel for Acer Investment Group, LLC*

cc:     All counsel of record via ECF