UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-26-26

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re

CUSTOMS AND TAX ADMINISTRATION OF THE
KINGDOM OF DENMARK (SKATTEFORVALTNINGEN)          18-md-2865 (LAK)
TAX REFUND LITIGATION

This paper applies to: 18-cv-5374, 18-cv-8655

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PRETRIAL ORDER NO. 72**
(*In Limine* Ruling – Preclusion of Evidence or
Argument Concerning ED&F's Ownership)

LEWIS A. KAPLAN, *District Judge.*

Defendants move *in limine* to preclude plaintiff "from offering at trial any evidence or argument concerning ED&F's alleged ownership of the [Danish] shares [at issue] under English law."[1] The motion (Dkt 1962 in 18-md-2865; Dkt 333 in 18-cv-5374; Dkt 313 in 18-cv-8655) is **DENIED**.

The substance of foreign law is an issue of law for determination by the Court, not the jury.[2] Accordingly, to the extent that either Danish or English law must be determined in this case, it will be determined by the Court alone. Evidence with respect to the *substance* of foreign law will not be admissible before the jury.[3] There will be no occasion to argue to the jury with respect to the *substance* of any foreign law.

To be sure, the *application* of foreign law may require the determination of disputed issues of fact, just as the application of U.S. law often does. To the extent that may be so, the Court will instruct the jury on the substance of any relevant foreign law and frame the issues of fact for determination by the jury.

SO ORDERED.

Dated:          March 26, 2026

Lewis A. Kaplan
United States District Judge

---

[1]  Defs.' Mem. Law Supp. MIL Exclude Evid. Arg. ED&F Ownership (Dkt 1964) at 1.

[2]  Fed. R. Civ. P. 44.1.

[3]  *E.g., Linde v. Arab Bank, PLC*, 944 F. Supp. 2d 217, 218 (E.D.N.Y. 2013).